Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
Sarah J. Crooks, OSB No. 971512
SCrooks@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

R. Charles Henn Jr. (*to be admitted pro hac vice*)
chenn@kilpatricktownsend.com
Charles H. Hooker III (*to be admitted pro hac vice*)
chooker@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: 404.815.6500
Facsimile: 404.815.6555

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, an Oregon corporation; and **ADIDAS AG**, a foreign entity,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>**AVIATOR NATION, INC.**, a California corporation,<br><br>　　　　　Defendant. | No. _____<br><br><br>**COMPLAINT** (Trademark Infringement, Trademark Counterfeiting, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, and Breach of Contract)<br><br>**DEMAND FOR JURY TRIAL** |

1-　COMPLAINT

Plaintiffs adidas America, Inc. and adidas AG (collectively, "adidas") state the following for their Complaint against Defendant Aviator Nation, Inc. ("Aviator Nation" or "Defendant") (adidas and Aviator Nation are referred to collectively as the "Parties").

## I.       INTRODUCTION

1.       For decades, adidas has manufactured, advertised, marketed, promoted, distributed, and sold footwear and apparel bearing its famous and distinctive Three-Stripe trademark (the "Three-Stripe Mark"). adidas owns numerous federal trademark registrations for its famous Three-Stripe Mark for apparel and footwear, many of which are incontestable.

2.       adidas has invested hundreds of millions of dollars building its brand in connection with the Three-Stripe Mark, and federal courts repeatedly have acknowledged that the Three-Stripe Mark is famous among consumers in the United States.

3.       Since at least as early as 1967, adidas has made exclusive use of the Three-Stripe Mark on apparel, examples of which are depicted below:

  

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222









**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0131/146645142.1









**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0131/146645142.1

  

4.     Despite Defendant's knowledge of adidas's rights in the famous Three-Stripe

Mark—including two contractual agreements executed in 2012 and 2013 not to infringe adidas's

Three-Stripe Mark—Defendant began offering for sale apparel bearing confusingly similar

imitations of the Three-Stripe Mark (the "Infringing Apparel"). Examples of the Infringing

Apparel offered by Defendant appear below:

  

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222









**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222













7-   COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222



8-   COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

5.      The Infringing Apparel imitates adidas's Three-Stripe Mark in a manner that is likely to cause consumer confusion and deceive the public regarding its source, sponsorship, or affiliation. Defendant's actions are in breach of its obligations under the Parties' contractual agreement, and Defendant's conduct is irreparably harming adidas's brand and its extremely valuable Three-Stripe Mark.

6.      This is, therefore, an action at law and in equity for trademark infringement, counterfeiting, dilution, unfair competition, and breach of contract arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"); the fair business practices and unfair and deceptive trade practices acts of several states; and the common law. Among other relief, adidas asks this Court to: (a) permanently enjoin Defendant from distributing, marketing, or selling apparel using or bearing confusingly similar imitations of the Three-Stripe Mark; (b) award adidas damages and to treble that award; (c) award adidas statutory damages; (d) require Defendant to disgorge all of its profits from its sale of the Infringing Apparel; and (e) award adidas punitive damages, attorneys' fees, and costs.

## II.      PARTIES

7.      Plaintiff adidas AG is a joint stock company organized and existing under the laws of the Federal Republic of Germany, having its office and principal place of business at Postach 11230, D-91072 Herzogenaurach, Federal Republic of Germany.

8.      Plaintiff adidas America, Inc. is a corporation organized and existing under the laws of the State of Oregon, having its principal place of business at 5055 N. Greeley Avenue, Portland, Oregon 97217. adidas America, Inc. directs all U.S.-based operations on behalf of adidas AG, including sales, brand marketing, product marketing, product design, public relations, distribution, enforcement, and licensing of and for ADIDAS-branded merchandise,

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

including goods bearing the famous Three-Stripe Mark. adidas AG and adidas America, Inc., as well as any predecessors or related entities, are collectively referred to as "adidas."

9.       On information and belief, Defendant Aviator Nation, Inc. is a corporation organized and existing under the laws of California, having a principal place of business at 6363 Regent Street, Huntington Park, California 90255.

## III.     JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 2201 and 2202. Subject matter jurisdiction over adidas's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

11.      This Court has personal jurisdiction over Defendant because, upon information and belief, (a) Defendant has knowingly and purposefully marketed, distributed, offered for sale, and sold the Infringing Apparel to persons within the State of Oregon; (b) Defendant regularly transacts and conducts business within the State of Oregon; and (c) Defendant has otherwise made or established contacts within the State of Oregon sufficient to permit the exercise of personal jurisdiction.

12.      Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the acts or omissions giving rise to adidas's claims occurred in this District.

## IV.     FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.  adidas's Famous Three-Stripe Mark**

13.      adidas is currently, and for many years has been, one of the world's leading manufacturers of athletic apparel, sportswear, footwear, and sporting equipment. At least as early as 1952, adidas began using the Three-Stripe Mark on footwear sold in the United States and

10-  COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

worldwide. The Three-Stripe Mark quickly came to signify the quality and reputation of adidas footwear. Pages from adidas catalogs and screen shots from adidas's website featuring examples of footwear bearing the Three-Stripe Mark in various executions are attached as **Exhibit 1**.

14.     At least as early as 1967, adidas began using its Three-Stripe Mark on apparel sold in the United States and worldwide. The Three-Stripe Mark quickly came to signify the quality and reputation of adidas apparel as well. Pages from adidas catalogs and screen shots from adidas's website featuring examples of apparel bearing the Three-Stripe Mark in various executions are attached as **Exhibit 2**.

15.     adidas is the owner of a federal trademark registration, Reg. No. 2,058,619, issued by the United States Patent and Trademark Office ("PTO") on May 6, 1997, for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely shirts."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this execution of the Three-Stripe Mark is attached as **Exhibit 3**.

16.     adidas is the owner of a federal trademark registration, Reg. No. 3,029,127, issued by the PTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, for "clothing, namely, T-shirts, sweatshirts, jackets and coats."

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this execution of the Three-Stripe Mark is attached as **Exhibit 4**.

17.    adidas is the owner of a federal trademark registration, Reg. No. 3,087,329, issued by the PTO on May 2, 2006, for the Three-Stripe Mark, as depicted below, for "clothing, namely, shirts, T-shirts, sweatshirts, vests, jackets and coats."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this execution of the Three-Stripe Mark is attached as **Exhibit 5**.

18.    adidas is the owner of a federal trademark registration, Reg. No. 2,278,591, issued by the PTO on September 21, 1999, for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely shorts."

12-  COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0131/146645142.1



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this execution of the Three-Stripe Mark is attached as **Exhibit 6**.

19.    adidas is the owner of a federal trademark registration, Reg. No. 2,284,308, issued by the PTO, on October 12, 1999, for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely pants."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this execution of the Three-Stripe Mark is attached as **Exhibit 7**.

20.    adidas is the owner of a federal trademark registration, Reg. No. 4,910,643, issued by the PTO on March 8, 2016, for the Three-Stripe Mark, as depicted below, for a variety of products, including clothing, footwear, sporting goods, and bags.

13-  COMMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0131/146645142.1



A copy of the Certificate of Registration for this execution of the Three-Stripe Mark is attached as **Exhibit 8**.

21.    adidas owns numerous additional trademark registrations for the Three-Stripe Mark covering footwear and apparel (Reg. Nos. 870,136, 961,353, 2,016,963, 2,909,861, 2,999,646, 3,183,656, 3,183,663, and 3,236,505). Copies of the Certificates of Registration for each of these executions of the Three-Stripe Mark are attached collectively as **Exhibit 9**.

22.    Additionally, adidas owns federal registrations for verbal trademarks using the term "3 stripes," including THE BRAND WITH THE THREE STRIPES, Reg. No. 1,674,229, issued by the PTO on February 4, 1992, for "sport and leisure wear." Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 10**.

23.    adidas's Three-Stripe Mark is well-known and famous throughout the United States and has been for many years. adidas thus owns strong registered and common law rights in the Three-Stripe Mark.

24.    adidas has used the Three-Stripe Mark in connection with its frequent sponsorship and collaborations with musical artists, including Beyoncé Knowles, Kanye West, Katy Perry,

14-  COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0131/146645142.1

Pharrell Williams, Selena Gomez, and Snoop Dogg.

25.    adidas has used the Three-Stripe Mark in connection with its frequent sponsorship of athletic tournaments and organizations, as well as professional athletes and collegiate sports teams. For example, adidas has had longstanding relationships with the University of Nebraska, the University of Louisville, Arizona State University, the University of Kansas, the University of Indiana, and the University of Miami. Among many others, adidas sponsors (a) seven-time Pro Bowl selection and Superbowl 50 MVP Von Miller and 2018 NFL MVP Patrick Mahomes; (b) NBA stars James Harden and John Wall; (c) professional golfers Sergio Garcia and Dustin Johnson; and (d) soccer superstar Lionel Messi. Similarly, for more than a decade, adidas has sponsored the world-famous Boston Marathon, along with many other events, teams, and individuals.

26.    The adidas Three-Stripe Mark as used on apparel is nonfunctional, and the public recognizes and understands that the Three-Stripe Mark distinguishes and identifies adidas's products.

27.    Unsolicited media coverage has referred to adidas's "iconic trio of stripes" (Tschorn, Adam, "Timeline: Highlights from a Century of Signature Kicks," *Los Angeles Times*, February 14, 2019), "famous Adidas three stripes" (Pantorno, Joe, "Check out Yankees Aaron Judge Mother's Day Cleats," *Metro - New York*, May 10, 2018), "signature three stripes" (Butler-Young, Sheena, "The Inside Scoop on How Adidas Became One of the Industry's Most Sought-After Brands," *Footwear News*, March 14, 2017), "iconic three stripes" (Reimel, Erin, "Alexander Wang Announced a Major Collab With Adidas at Fashion Week," *Glamour*, September 11, 2016), "famous Three Stripes" (Schwartz, Rob, "Three Brands That Won At The World Cup," *Forbes*, July 13, 2014), "trademark three-stripe sneakers" (Brettman, Allan,

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

"Adidas lifts 2012 forecast as sales in China soar in Q1," *The Oregonian*, May 1, 2012),

"trademark three-stripe logo" (Pennington, Bill, "Belts That Do More Than Hold Up Pants,"

*New York Times*, July 26, 2009), "iconic three stripes" ("Game Time," *Footwear News*, June 16,

2008), "signature three stripes" (Moore, Booth, "Ringing endorsements; Form follows function

with much Olympic wear, but fashion and funding are also at play," *L.A. Times*, August 13,

2004), the "famous brand with the three stripes" (Whiting, Sam, "MustHave," *San Francisco*

*Chronicle*, July 7, 2002), and the "legendary Adidas three stripes" ("Coty Inc.," *Brand Strategy*,

September 27, 1999). Copies of the foregoing media articles discussing the adidas brand and the

Three-Stripe Mark are attached collectively as **Exhibit 11**.

28.    For over half a century, adidas extensively and continuously has used and

promoted the Three-Stripe Mark in connection with apparel and footwear. In recent years, annual

sales of products bearing the Three-Stripe Mark have totaled in the billions of dollars globally

and in the hundreds of millions of dollars within the United States. The Three-Stripe Mark has

achieved international fame and tremendous public recognition.

29.    Since introducing the Three-Stripe Mark, adidas has spent millions of dollars

promoting the mark and products bearing the mark in the United States. For example, in March

2011, adidas launched an advertising campaign in the United States "featuring Chicago Bulls

guard Derrick Rose, rapper B.o.B and pop singer Katy Perry, among others," that "highlights

[adidas's] imprint on the worlds of sports, music and fashion," and "show[s] the breadth and

depth of the Adidas brand." A March 15, 2011 article from *The Oregonian* describing the

advertising campaign is attached as **Exhibit 12**. Then, adidas launched its "Sport 15" advertising

campaign, which represents adidas's biggest ad spend in the United States to date. The campaign

featured soccer superstar Lionel Messi, Derrick Rose of the Chicago Bulls, and DeMarco Murray

16-  COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

of the Dallas Cowboys. A February 13, 2015 article from AdWeek describing adidas's Sport 15 advertising campaign is attached as **Exhibit 13**. adidas's 2016 advertising campaign featured artists such as Luka Sabbat, Kyu Steed, Aleali May, Ikwa Zhao, and Reese Cooper, while touting the fame of adidas's "signature three stripes." *See* **Exhibit 14** (Allen, Rachael, "Adidas' New Ad Campaign Is All About The Future," *Footwear News*, January 25, 2016).

30.    More recently, adidas launched its "Calling All Creators" advertising campaign to highlight adidas's position at the intersection of sport and culture. The campaign featured superstars from sports and beyond, including FC Barcelona striker Lionel Messi, Connecticut Sun forward Chiney Ogwumike, Portland Trail Blazers point guard Damian Lillard, Portland Thorns midfielder Lindsey Horan, Green Bay Packers quarterback Aaron Rodgers, Houston Astros shortstop Carlos Correa, rapper Pusha T, musician/producer Pharrell Williams, fashion designer Alexander Wang, and supermodel Karlie Kloss. *See* **Exhibit 15** (Oster, Erik, "Adidas Brings Superstars Like Lionel Messi and Karlie Kloss Together for a Feast in Its Latest Spot," *AdWeek*, December 20, 2017). As an official sponsor of the 2018 World Cup, adidas introduced a "flashy campaign once again sitting at the intersection of sport, culture and music," titled *"Creativity is The Answer*." The advertising campaign involved "56 a-list creatives" including Lionel Messi, Caroline Wozniacki, Karlie Kloss, Pharrell Williams, Aaron Judge, and Justin Turner. *See* **Exhibit 16** (McCarthy, John, "Adidas says it 're-engineered' advertising with 'Creativity is The Answer' World Cup drive," *The Drum*, June 04, 2018). Even more recently, in 2019, adidas recruited tennis star Billie Jean King and ESPN host Maria Taylor to "promote visibility of women in sport" with its "She Breaks Barriers" advertising campaign. This campaign also "features athletes Rahaf Khatib, Keni Harrison, Becky Sauerbrunn, and Layshia Clarendon." *See* **Exhibit 17** (Smith, Jordan, "Adidas Launches Campaign for Equal

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Media Representation in Sport," *Runner's World*, March 12, 2019).

31.     adidas has built up and now owns extremely valuable goodwill that is symbolized by the famous Three-Stripe Mark. As a result of adidas's widespread, continuous, and exclusive use of the Three-Stripe Mark in connection with its products for over sixty-five years, the mark enjoys wide public acceptance and association with adidas, has come to be recognized widely and favorably by the public in the United States as an indicator of the origin of adidas's goods, and is famous in the United States. The general purchasing public in the United States has come to associate the Three-Stripe Mark exclusively with adidas.

**B.     Aviator Nation's Prior Infringement And The 2012 & 2013 Settlement Agreements**

32.     In or around 2011, adidas became aware that Defendant was offering for sale and selling a variety of apparel, including t-shirts, long-sleeve shirts, sweat shirts, and zip-up tops featuring three parallel stripes, examples of which are depicted below (the "2011 Infringing Apparel"):




**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222






33.     Soon thereafter, adidas communicated its objections to Defendant's sales of the 2011

Infringing Apparel based on adidas's common law and registered rights in the Three-Stripe Mark.

34.     adidas and Defendant resolved their dispute by entering into a settlement agreement

fully executed in April 2012, a true and correct copy of which is attached as **Exhibit 18** (the "2012

Settlement Agreement"). As part of that agreement, Defendant agreed not to produce, manufacture,

promote, offer for sale, or sell the 2011 Infringing Apparel.

35.     In the 2012 Settlement Agreement, Defendant further expressly agreed that it would

"not produce, manufacture, distribute, sell, offer for sale, advertise, promote, license, or market the

19-  COMPLAINT

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0131/146645142.1

[2011 Infringing Apparel], or any other product bearing the Three-Stripe Mark or any design, mark, or feature that is confusingly similar to the Three-Stripe Mark." (*See* 2012 Settlement Agreement at ¶ 2.1.)

36.    Notwithstanding the fact that the Parties only recently had entered into the 2012 Settlement Agreement in April 2012, approximately six months later—in or around October of 2012—adidas again became aware that Defendant was offering for sale and selling apparel featuring three parallel stripes in violation of adidas's common law and registered trademark rights and in breach of the Parties' 2012 Settlement Agreement. Examples of this apparel are shown below (the "2012 Infringing Apparel"):




**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222






**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222




37.    After adidas contacted Defendant, the Parties entered into a letter agreement, according to which Defendant stopped selling the 2012 Infringing Apparel. The Parties executed this letter agreement in January 2013, a true and correct copy of which is attached as **Exhibit 19** (the "2013 Letter Agreement").

38.    The 2013 Letter Agreement did not modify Defendants' undertakings in the 2012 Settlement Agreement.

**C.    The Present Dispute And Aviator Nation's Unlawful Activities**

39.    Notwithstanding the 2012 Settlement Agreement and the 2013 Letter Agreement, in or around May 2018, adidas again learned that Defendant was offering for sale and selling apparel featuring a stripe design that is confusingly similar to adidas's famous Three-Stripe Mark and in breach of the 2012 Settlement Agreement.

22-  COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0131/146645142.1

40.    Specifically, in or around May 2018, adidas became aware that the apparel depicted below was being sold by Defendant on the website www.bandier.com.



41.    Following further investigation, counsel for adidas sent a letter to Aviator Nation on July 23, 2018, identifying the apparel depicted in the preceding paragraph and the apparel shown below as infringing adidas's rights and as being in violation of the Parties' 2012 Settlement Agreement.

    

23-  COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222










24- COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

21184-0131/146645142.1








25-  COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

42.     In its July 23, 2018 letter, counsel for adidas indicated that adidas preferred to resolve this matter amicably and requested a response from Aviator Nation. A true and correct copy of this July 23, 2018 letter is attached as **Exhibit 20**.

43.     Thereafter, counsel for the Parties engaged in substantial discussions and exchanges in an attempt to resolve this matter.

44.     As the Parties have attempted to negotiate an amicable resolution of this dispute, adidas has become aware of additional items of Infringing Apparel, including those shown below:

 

26-  COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0131/146645142.1













27-  COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

45.    In or around June 2019, adidas became aware that—in blatant disregard of its obligations under the 2012 Settlement Agreement—Defendant had begun offering for sale and selling the following three-stripe apparel:





**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

 

46.    adidas continued to attempt to resolve this dispute without the need for litigation even after learning of these flagrant violations of the 2012 Settlement Agreement. adidas's efforts have been to no avail, and the Parties have been unable to resolve this dispute, thus necessitating this action.

47.    Defendant has not only continued to manufacture and sell Infringing Apparel, but its Infringing Apparel has become more egregious in its infringement and dilution of adidas's rights and in its breach of the 2012 Settlement Agreement.

48.    Defendant continues to manufacture, produce, market, distribute, offer for sale, and sell in interstate commerce apparel that bears identical or confusingly similar imitations of adidas's famous Three-Stripe Mark, including the examples of Infringing Apparel depicted in this Complaint.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

49.     The Infringing Apparel features stripe designs that consumers are likely to confuse with the Three-Stripe Mark, that compete unfairly with adidas and its Three-Stripe Mark, and that dilute the Three-Stripe Mark.

50.     On information and belief, Defendant knowingly, willfully, intentionally, and maliciously has adopted and is using confusingly similar imitations of the Three-Stripe Mark on the Infringing Apparel.

51.     The Infringing Apparel designed, manufactured, produced, distributed, marketed, promoted, offered for sale, and sold by Defendant is not manufactured by adidas, nor is Defendant associated, affiliated, or connected with adidas, or licensed, authorized, sponsored, endorsed, or approved by adidas in any way.

52.     adidas used its Three-Stripe Mark extensively and continuously long before Defendant began distributing, marketing, promoting, offering for sale, or selling the Infringing Apparel.

53.     Defendant's use of confusingly similar imitations of adidas's famous Three-Stripe Mark is likely to deceive, confuse, and mislead actual and prospective purchasers before, during, and after purchase into believing that the Infringing Apparel is manufactured or authorized by, or in some manner associated with, adidas, which it is not.

54.     The likelihood of confusion, mistake, and deception engendered by Defendant's misappropriation of adidas's famous Three-Stripe Mark is causing irreparable harm to the goodwill symbolized by the Three-Stripe Mark and the reputation for quality that it embodies.

55.     On information and belief, Defendant continues to use confusingly similar imitations of adidas's famous Three-Stripe Mark in connection with the sale of apparel that directly competes with apparel offered for sale by adidas through the same channels of marketing

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0131/146645142.1

and trade. Defendant began selling the Infringing Apparel long after adidas had established

protectable trademark rights in the Three-Stripe Mark and well after the Three-Stripe Mark

became famous among the general public in the United States.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)

56.     adidas repeats and incorporates by reference the allegations in the preceding

paragraphs.

57.     Defendant's use of confusingly similar imitations of adidas's Three-Stripe Mark

is likely to cause confusion, deception, and mistake by creating the false and misleading

impression that Defendant's goods are manufactured or distributed by adidas, or are associated

or connected with adidas, or have the sponsorship, endorsement, or approval of adidas.

58.     Defendant has used marks confusingly similar to adidas's federally registered

Three-Stripe Mark in violation of 15 U.S.C. §§ 1114 and 1125(a). Defendant's activities have

caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and

deception of members of the trade and public, and, additionally, injury to adidas's goodwill and

reputation as symbolized by adidas's Three-Stripe Mark, for which adidas has no adequate

remedy at law.

59.     Defendant's actions demonstrate an intentional, willful, and malicious intent to

trade on the goodwill associated with adidas's Three-Stripe Mark to adidas's great and

irreparable harm.

60.     Defendant has caused and is likely to continue causing substantial injury to the

public and to adidas; therefore, adidas is entitled to injunctive relief and to recover Defendant's

profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees

31-  COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0131/146645142.1

under 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CLAIM FOR RELIEF
### (Trademark Counterfeiting)

61.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

62.     Defendant has used in commerce in the United States spurious marks that are identical with, or substantially indistinguishable from, the Three-Stripe Mark without adidas's authorization, and in connection with the same goods described in adidas's federal registrations for that mark.

63.     Defendant's unauthorized use of spurious marks that are identical with, or substantially indistinguishable from, the Three-Stripe Mark falsely represents Defendant's goods as emanating from or being authorized by adidas and places beyond adidas's control the quality of goods offered and sold under the Three-Stripe Mark.

64.     Defendant's unauthorized use of spurious marks that are identical with, or substantially indistinguishable from, the Three-Stripe Mark in connection with the promotion and sale and distribution of apparel is likely to cause confusion, mistake, or deception as to the source or sponsorship of Defendant's goods, and is likely to deceive the public into believing that Defendant's goods emanate from adidas, are sponsored, endorsed, or approved by adidas, are subject to adidas's quality control measures, or are otherwise associated with adidas.

65.     Defendant's foregoing conduct has been intentional, reckless, and willful.

66.     As a result of Defendant's use of spurious marks that are identical with, or substantially indistinguishable from, the Three-Stripe Mark, Defendant has used counterfeit marks, as that term is defined in Section 34(d)(1)(B) of the Lanham Act, and Defendant is

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

accordingly liable under the anti-counterfeiting provisions of the Lanham Act.

67.    Defendant is likely to continue causing substantial injury to the public and to adidas, which has no adequate remedy at law, and adidas is entitled to injunctive relief, an accounting of profits, damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117. Additionally, pursuant to 15 U.S.C. § 1117(b), adidas is entitled to trebling of the greater of profits or damages, and to prejudgment interest. Alternatively, pursuant to 15 U.S.C. § 1117(c), adidas is entitled to recover statutory damages for Defendant's willful use of counterfeit marks.

## THIRD CLAIM FOR RELIEF
### (Federal Unfair Competition)

68.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

69.    Defendant's use of confusingly similar imitations of adidas's Three-Stripe Mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are manufactured or distributed by adidas, or are affiliated, connected, or associated with adidas, or have the sponsorship, endorsement, or approval of adidas.

70.    Defendant has made false representations, false descriptions, and false designations of its goods in violation of 15 U.S.C. § 1125(a). Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to adidas's goodwill and reputation as symbolized by adidas's Three-Stripe Mark, for which adidas has no adequate remedy at law.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

71.    Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to the great and irreparable injury of adidas.

72.    Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to adidas. adidas is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

### FOURTH CLAIM FOR RELIEF
**(Federal Trademark Dilution of the Three-Stripe Mark)**

73.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

74.    For over sixty-five years, adidas has exclusively and continuously promoted and used its registered Three-Stripe Mark in the United States. The Three-Stripe Mark became a famous and well-known symbol of adidas and its products among the general public in the United States well before Defendant began advertising, promoting, distributing, or offering for sale the Infringing Apparel. Indeed, this Court previously held the Three-Stripe Mark to be "unquestionably famous." *adidas Am., Inc. v. Skechers USA, Inc.*, 149 F. Supp. 3d 1222, 1247 (D. Or. 2016).

75.    Defendant is making use in commerce of confusingly similar imitations of adidas's famous Three-Stripe Mark that dilute and are likely to dilute the distinctiveness of adidas's famous Three-Stripe Mark by eroding the public's exclusive identification of this famous mark with adidas, tarnishing and degrading the positive associations and prestigious

34-  COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

connotations of this famous mark, and otherwise lessening the capacity of the famous Three-Stripe Mark to identify and distinguish adidas's goods.

76.    Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark or to cause dilution of the mark to the great and irreparable injury of adidas.

77.    Defendant has caused and, unless enjoined by this Court, will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of adidas's famous Three-Stripe Mark in violation of 15 U.S.C. § 1125(c). adidas therefore is entitled to injunctive relief and to Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

## FIFTH CLAIM FOR RELIEF
### (State Trademark Dilution and Injury to Business Reputation)

78.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

79.    For over sixty-five years, adidas has exclusively and continuously promoted and used its registered Three-Stripe Mark in the United States. The Three-Stripe Mark became a famous and well-known symbol of adidas and its products among the general public in the United States well before Defendant began advertising, promoting, distributing, or offering for sale the Infringing Apparel.

80.    Defendant is making use in commerce of confusingly similar imitations of adidas's famous Three-Stripe Mark that dilute and are likely to dilute the distinctiveness of adidas's famous Three-Stripe Mark by eroding the public's exclusive identification of this famous mark with adidas, tarnishing and degrading the positive associations and prestigious

35-  COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0131/146645142.1

connotations of this famous mark, and otherwise lessening the capacity of the famous Three-Stripe Mark to identify and distinguish adidas's goods.

81.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark or to cause dilution of the mark to the great and irreparable injury of adidas.

82.     Defendant has caused and, unless enjoined by this Court, will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of adidas's famous Three-Stripe Mark in violation of the Oregon antidilution act, O.R.S. § 647.107 (2009), as well as the antidilution laws of several other states, including Alabama, ALA. CODE § 8-12-17 (2009); Alaska, ALASKA STAT. § 45.50.180 (Michie 2009); Arizona, ARIZ. REV. STAT. ANN. § 44-1448.01 (West 2009); Arkansas, ARK. CODE ANN. § 4-71-213 (2009); California, CAL. BUS. & PROF. CODE § 14247 (West 2009); Connecticut, CONN. GEN. STAT. ANN § 35-11i(c) (West 2009); Delaware, DEL. CODE ANN. tit. 6, § 3313 (2009); Florida, FLA. STAT. ANN. § 495.151 (West 2007); Georgia, GA. CODE ANN. § 10-1-451 (2009); Hawaii, HAW. REV. STAT. ANN. § 482-32 (Michie 2009); Idaho, IDAHO CODE § 48-513 (Michie 2009); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2009); Iowa, IOWA CODE ANN. § 548.113 (West 2009); Indiana, IN. CODE 24-2-13.5 (West 2009); Kansas, KAN. STAT. ANN. § 81-214 (2009); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2009); Maine, ME. REV. STAT. ANN. tit. 10, § 1530 (West 2000); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110H, § 13 (West 2009); Minnesota, MINN. STAT. ANN. § 333.285 (West 2009); Mississippi, MISS. CODE. ANN. § 75-25-25 (2009); Missouri, MO. ANN. STAT. § 417.061(1) (West 2009); Montana, MONT. CODE ANN. § 30-13-334 (2009); Nebraska, NEB. REV. STAT. ANN. § 87-140 (Michie 2009); Nevada, NEV. REV. STAT.

36-  COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

600.435 (2007); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2009); New Jersey, N.J.

STAT. ANN. 56:3-13.20 (West 2009); New Mexico, N.M. STAT. ANN. § 57-3B-15 (Michie

2009); New York, N.Y. GEN. BUS. Law § 360-l (2009); Pennsylvania, 54 PA. CONS. STAT.

ANN. § 1124 (West 2009); Rhode Island, R.I. GEN. LAWS § 6-2-12 (2009); South Carolina,

S. C. CODE ANN. § 39-15-1165 (2009); Tennessee, TENN. CODE ANN. § 47-25-513 (2009);

Texas, TEX. BUS. & COM. CODE ANN. § 16.29 (Vernon 2009); Utah, UT. CODE ANN. § 70-

3a-403 (2009); Washington, WASH. REV. CODE ANN. § 19.77.160 (West 2009); West

Virginia, W.V. STAT. ANN. 47-2-13 (Michie 2009); and Wyoming, WYO. STAT. ANN. § 40-

1-115 (Michie 2009).

83.     adidas, therefore, is entitled to injunctive relief, damages and costs, as well as, if

appropriate, enhanced damages, punitive damages, and reasonable attorneys' fees.

### SIXTH CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices)

84.     adidas repeats and incorporates by reference the allegations in the preceding

paragraphs.

85.     Defendant has been and is passing off its goods as those of adidas, causing a

likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of

Defendant's goods, causing a likelihood of confusion as to Defendant's affiliation, connection,

or association with adidas, and otherwise damaging the public.

86.     Defendant's conduct constitutes unfair and deceptive acts or practices in the

course of a business, trade, or commerce in violation of the unfair and deceptive trade practices

statutes of several states, including California CAL. BUS. & PROF. CODE § 17200, *et seq.*

(West 2009); Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 2009);

37-  COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (2009); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-375 (2009); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (2009); Illinois, ILL. COMP. STAT. ANN. ch. 815, 510/1 to 510/7 (2009); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 2009); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 2009); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (2009); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 2009); New York, N.Y. GEN. BUS. Law § 349 (McKinney 2009); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (Baldwin 2009); and Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 56 (West 2009).

87.    Defendant's unauthorized use of confusingly similar imitations of adidas's Three-Stripe Mark has caused and is likely to cause substantial injury to the public and to adidas. adidas, therefore, is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

## <u>SEVENTH CLAIM FOR RELIEF</u>
### (Common Law Trademark Infringement and Unfair Competition)

88.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

89.    Defendant's actions constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless enjoined by this Court, a likelihood of confusion to the irreparable injury of adidas. adidas has no adequate remedy at law for this injury.

90.    On information and belief, Defendant acted with full knowledge of adidas's use of, and statutory and common law rights to, adidas's Three-Stripe Mark and without regard to the likelihood of confusion of the public created by Defendant's activities.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

91.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to the great and irreparable injury of adidas.

92.     As a result of Defendant's actions, adidas has been damaged in an amount not yet determined or ascertainable. At minimum, however, adidas is entitled to injunctive relief, to an accounting of Defendant's profits, damages, and costs. Further, in light of Defendant's deliberate and malicious use of confusingly similar imitations of adidas's Three-Stripe Mark, and the need to deter Defendant from engaging in similar conduct in the future, adidas additionally is entitled to punitive damages.

<u>EIGHTH CLAIM FOR RELIEF</u>
**(Breach of Contract)**

93.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

94.     The 2012 Settlement Agreement is a valid contract.

95.     The 2012 Settlement Agreement was supported by adequate consideration.

96.     Defendant breached the 2012 Settlement Agreement when it manufactured, offered for sale, and/or sold the Infringing Apparel bearing stripe designs that are identical or confusingly similar to adidas's Three-Stripe Mark.

97.     Defendant's breach of its contractual obligations has damaged adidas, and Defendant's ongoing breach of the 2012 Settlement Agreement is inflicting irreparable harm on adidas.

98.     Additionally, the 2012 Settlement Agreement states that in the event of a breach by Defendant, adidas shall be entitled, in addition to other relief, to "injunctive relief and to

39-  COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0131/146645142.1

recover its costs, including reasonable attorneys' fees." Accordingly, adidas is entitled to permanent injunctive relief, to damages resulting from Defendant's breach, and to recover its costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, adidas prays that:

1.       Defendant and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by through or under authority from Defendant, or in concert or participation with Defendant, and each of them, be enjoined permanently from:

> a.   using the Three-Stripe Mark or any other copy, reproduction, colorable imitation, or simulation of adidas's Three-Stripe Mark on or in connection with Defendant's goods;
>
> b.   passing off, palming off, or assisting in passing off or palming off Defendant's goods as those of adidas, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and
>
> c.   advertising, promoting, offering for sale, or selling the Infringing Apparel or other goods bearing confusingly similar imitations of adidas's Three-Stripe Mark;

2.       Defendant be ordered to cease offering for sale, marketing, promoting, and selling and to recall all products sold under or bearing any confusingly similar imitations of adidas's Three-Stripe Mark that are in Defendant's possession, custody, or control, or have been shipped by Defendant or under its authority, to any customer, including but not limited to, any

40-  COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Defendant;

3.        Defendant be ordered to deliver up for impoundment and for destruction, all apparel, signs, advertising, sample books, promotional materials, or other materials in the possession, custody, or control of Defendant that are found to adopt, infringe, or dilute adidas's Three-Stripe Mark or that otherwise unfairly compete with adidas and its products;

4.        Defendant be compelled to account to adidas for any and all profits derived by Defendant from the sale or distribution of the Infringing Apparel;

5.        adidas be awarded all damages caused by the acts forming the basis of this Complaint;

6.        Based on Defendant's knowing and intentional use of confusingly similar imitations of adidas's Three-Stripe Mark, the damages awarded be trebled and the award of Defendant's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

7.        Defendant be required to pay adidas the costs of this action and adidas's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), the state statutes and common law cited in this Complaint, as well as the 2012 Settlement Agreement;

8.        Based on Defendant's willful and deliberate infringement and dilution of adidas's Three-Stripe Mark, and to deter such conduct in the future, adidas be awarded punitive damages;

9.        adidas be awarded prejudgment and post-judgment interest on all monetary awards; and

10.        adidas have such other and further relief as this Court may deem just.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0131/146645142.1

# JURY TRIAL DEMAND

adidas respectfully demands a trial by jury on all claims and issues so triable.

DATED:  December 17, 2019        **PERKINS COIE LLP**

By:  */s/ Stephen M. Feldman*
<br>Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
Sarah J. Crooks, OSB No. 971512
SCrooks@perkinscoie.com
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

R. Charles Henn Jr. (*to be admitted pro hac vice*)
chenn@kilpatricktownsend.com
Charles H. Hooker III (*to be admitted pro hac vice*)
chooker@kilpatricktownsend.com
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555

Attorneys for Plaintiffs

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222