IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ADIDAS AMERICA, INC., an Oregon
corporation; and ADIDAS AG, a foreign
entity,

                  Plaintiffs,

    v.

AVIATOR NATION, INC., a California
corporation,

                  Defendant.

No. 3:19-cv-02049-HZ

OPINION & ORDER

Stephen M. Feldman
Sarah Crooks
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209

Bethany R Nelson
Charles H. Hooker III
Jessica Truelove
R. Charles Henn Jr.
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309

Attorneys for Plaintiff

Kenneth R. Davis II
Mohammed Workicho
LANE POWELL PC
601 SW Second Avenue, Suite 2100
Portland, OR 97204

Kent M. Walker
Michael T. Lane
LEWIS KOHN & WALKER LLP
15030 Avenue of Science, Suite 201
San Diego, CA 92128

Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiffs adidas America, Inc. and adidas AG (collectively, "adidas") have moved to strike Defendant Aviator Nation's affirmative defenses or in the alternative move for judgment on the pleadings. Based on the following, the Court grants in part and denies in part Plaintiff's motions.

## BACKGROUND

adidas is an apparel and footwear brand. Compl. ¶ 1, ECF 1. Defendant Aviator Nation is a clothing company that operates thirteen retail stores. Mycoskie Decl. ¶ 4,7, ECF 7. In 2011, adidas raised objections to Aviator Nation's apparel designs. Compl. ¶ 33, 34. The matter was resolved by a settlement agreement between the parties that was fully executed in April 2012 (hereinafter 2012 Settlement Agreement). *Id.* ¶ 35.

adidas now alleges claims of trademark infringement, trademark counterfeiting, unfair competition, trademark dilution, injury to business reputation, unfair and deceptive trade practices, and breach of contract against Defendant based on its use of, "a stripe design that is confusingly similar to adidas's famous Three-Stripe Mark and in breach of the 2012 Settlement

Agreement." *Id.* ¶ 40. Defendant Aviator Nation answered alleging twenty-eight affirmative defenses.[1] Plaintiff filed a Motion to Strike Affirmative Defenses or, in the alternative, for Judgment on the Pleadings under Federal Rules of Civil Procedure 12(f) and 12(c).

## DISCUSSION

Plaintiff argues that all of Defendant's affirmative defenses should be stricken because they are insufficient as a matter of pleading and fail to state a plausible defense. Defendant contends that the basis for these defenses will be developed through discovery and if they survive, will be determined on summary judgment and at trial.

## I.    Rule 12(f)–Motion to Strike

The court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter. Fed. R. Civ. P. 12(f). Granting a motion to strike is within the discretion of the district court. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 975 (9th Cir. 2010) (motion to strike under Rule 12(f) reviewed for abuse of discretion). Rule 12(f) motions to strike are viewed with disfavor and are infrequently granted. *Legal Aid Servs. of Or. v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008), aff'd, 608 F.3d 1084 (9th Cir. 2010); *see also Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) ("Motions to strike are regarded with disfavor because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings.") (quotation marks and alterations omitted).

### A. Applicability of *Twombly* and *Iqbal* to Affirmative Defenses

An affirmative defense may be struck if it is insufficient. Fed. R. Civ. P. 12(f). The parties dispute what standard applies to determine the sufficiency of an affirmative defense,

---

[1] Defendant has withdrawn its first affirmative defense. Mot. to Strike at 1. Plaintiff moves to strike Defendant's remaining twenty-seven affirmative defenses.

particularly whether the heightened pleading standard for claims announced by the Supreme

Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S.

662 (2009) controls the pleading of affirmative defenses or whether fair notice pleading applies.

In *Twombly* and *Iqbal* the Supreme Court developed a heightened pleading standard that

requires that sufficient facts be alleged to "plausibly" support a claim. *See Iqbal*, 556 U.S. at

678-79; *Twombly*, 550 U.S. at 555. These cases did not discuss affirmative defenses and the

Supreme Court has not subsequently held that *Twombly* and *Iqbal* govern affirmative defenses.

Courts across the country and in this district are split on whether the *Twombly*/*Iqbal*

standard applies to the pleading of affirmative defenses. *See Est. of Osborn-Vincent v.*

*Ameriprise Fin., Inc.,* No. 3:16-CV-02305-YY, 2019 WL 764029, at *3 (D. Or. Jan. 3, 2019),*

*report and recommendation adopted sub nom. Est. of Osborn-Vincent v. Ameriprise Fin. Servs.,*

*Inc.,* No. 3:16-CV-02305-YY, 2019 WL 943379 (D. Or. Feb. 25, 2019) (describing the split

across the country and specifically within the District of Oregon).

The Ninth Circuit has not expressly discussed whether *Twombly* and *Iqbal* extend to

affirmative defenses. It has, however, applied the fair notice standard to affirmative defenses in

two case decided after *Twombly* and *Iqbal* and one case decided after *Twombly*. *Kohler v. Flava*

*Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015); *Simmons v. Navajo Cty., Ariz.*, 609 F.3d

1011, 1023 (9th Cir. 2010); *Schutte & Koerting, Inc. v. Swett & Crawford*, 298 F. App'x 613,

615 (9th Cir. 2008). Together these cases suggest that the Ninth Circuit has not adopted the

*Twombly*/*Iqbal* standard for affirmative defenses. *McDonald v. Alayan Alayan*, No. 3:15-CV-

02426-MO, 2016 WL 2841206, at *3 (D. Or. May 13, 2016). This Court agrees with the

reasoning set forth by Judge Simon in *Fathers & Daughters Nevada, LLC v. Moaliitele* and

Judge Mosman in *McDonald v. Alayan Alayan* and concludes that "[u]ntil the Ninth Circuit or

Supreme Court holds otherwise, the Court is bound to follow the Ninth Circuit's holdings that affirmative defenses need only provide fair notice of the defense and need only be described in general terms." No. 3:16-CV-926-SI, 2016 WL 7638187, at *2 (D. Or. Dec. 19, 2016) (analyzing relevant cases and also finding important differences within Federal Rule of Civil Procedure Eight); *McDonald*, 2016 WL 2841206, at *2–3 (same).

The fair notice standard when applied to affirmative defenses "only requires describing the defense in 'general terms.'" *Kohler*, 779 F.3d at 1019 (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed. 1998) ). Fair notice does not require a detailed statement of facts. *McDonald*, 2016 WL 2841206, at *3 (citing *Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013)). But it does require that the defendant state the nature and grounds for the affirmative defense. *Id.*

**B. Motion to Strike Affirmative Defenses**

Plaintiff moves to strike Defendant's twenty-seven remaining affirmative defenses.

**1. Affirmative Defenses Two, Three, Four, Nine, Ten, Twelve, Thirteen, Sixteen, Seventeen, Eighteen, Nineteen, Twenty, Twenty-One, Twenty-Two, Twenty-Three, Twenty-Four, Twenty-Five, Twenty-Six, Twenty-Eight**

Defendant's affirmative defenses two, three, four, nine, ten, twelve, thirteen, sixteen, seventeen, eighteen, nineteen, twenty, twenty-one, twenty-two, twenty-three, twenty-four, twenty-five, twenty-six, and twenty-eight are all conclusory allegations consisting of little more than the title of the defense. While Defendant need not meet the pleading standard of *Twombly* and *Iqbal*, Defendant has not given "fair notice" as to how any of these defenses apply in this case. None of them provide the "grounds" for the defense. They merely assert "the defense and then a one sentence explanation that adds nouns and verbs." *McDonald*, 2016 WL 2841206, at *3. Defendant's second affirmative defense provides an example of the problem. It alleges,

"[t]he Complaint is barred in whole or in part by the statute of limitations." Answer at 12. This allegation does not identify which claims are untimely, which statues of limitations are at issue, or even the basic grounds for this defense. All the defenses enumerated above suffer from this same shortcoming. With the inclusion of a few more facts, these defenses could provide Plaintiff sufficient notice, but as written they do not. If Defendant can assert a factual basis for these defenses, it may amend its answer. The motion to strike affirmative defenses two, three, four, nine, ten, twelve, thirteen, sixteen, seventeen, eighteen, nineteen, twenty, twenty-one, twenty-two, twenty-three, twenty-four, twenty-five, twenty-six, and twenty-eight is granted.

### 2. Affirmative Defenses Six and Seven

Defendant's sixth affirmative defense alleges, "Plaintiffs' claims are barred in whole or in part by the fact that Defendant's use of stripes on at least some of the accused clothing is merely ornamental and decorative." Answer at 12. Its seventh affirmative defense alleges, "Plaintiffs' claims are barred in whole or in part by the fact that Defendant's use of stripes on at least some of the accused clothing is aesthetically functional, non-source identifying and/or generic." Although sparse, by including the words, "use of stripes" Defendant has provided some factual basis for these defenses. This gives Plaintiff notice of the "grounds" on which these defenses rest. This is sufficient under fair notice pleading. Plaintiff's motion to strike the sixth and seventh affirmative defenses as insufficient is denied.

### 3. Affirmative Defenses Fourteen and Fifteen

Similarly, while brief, Defendant provides the factual basis for its fourteenth and fifteenth affirmative defenses. On defense fifteen it points to the areas of federal law it argues are the basis for its preemption defense, which is enough to give Plaintiff notice of its planned defense. Answer at 13. On defense fourteen, Defendant identifies the specific agreement and section of

the agreement potentially at issue. *Id.* At this stage in the litigation, and under the fair notice standard, Defendant only needs to provide a basic factual basis for the defense, which it has done here. Plaintiff's motion to strike the fourteenth and fifteenth affirmative defenses is denied.

### 4. Affirmative Defense Eleven

Defendant's eleventh affirmative defense alleges, "The Court lacks original subject matter jurisdiction over the dozens of different state statutes cited by Plaintiffs in Paragraphs 84 and 88 of the Complaint. The Court should deny supplemental jurisdiction over these state law claims as unduly burdensome on the Court and inordinately taxing on judicial resources." Answer at 13. Defendant's eleventh affirmative defense is insufficient. Defendant asserts that exercising supplemental jurisdiction would be "unduly burdensome" and "inordinately taxing on judicial resources" without providing a factual basis for these assertions and without pointing to the specific state statutes it believes to be problematic. Under 28 U.S.C. § 1367(c) federal courts have discretion to decline supplemental jurisdiction and there may very well be an argument for doing so in this case. As written, however, Defendant has not presented sufficient facts to make that argument and has not provided fair notice of its planned defense. The Court strikes Defendant's eleventh defense as insufficient. Defendant may ask the Court for leave to amend its answer as to this claim at the close of discovery or may file a 12(b) motion for lack of subject matter jurisdiction if it believes it has a meritorious argument regarding supplemental jurisdiction.[2] Plaintiff's motion to strike the eleventh affirmative defense is granted.

---

[2] "[T]he question of 'whether [supplemental] jurisdiction has been properly assumed is one which remains open throughout the litigation,' and the analysis should be undertaken when the district court is best positioned to determine how the exercise of jurisdiction will affect the case as a whole." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 215 (2d Cir. 2004) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966)).

**5. Affirmative Defenses Five and Eight**

Plaintiff argues Defendant's fifth and eighth affirmative defenses should be stricken because they are not affirmative defenses, but negative defenses meant to challenge elements of Plaintiff's claims. Defendant does not challenge this characterization in its response.

A defense that "demonstrates a plaintiff has not met its burden of proof," or that "merely negates an element that [a plaintiff] was required to prove" is not an affirmative defense. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). "Unlike affirmative defenses, negative defenses typically do not have to be pled to avoid waiver." *Nyberg v. Portfolio Recovery Assocs.*, LLC, No. 3:15-CV-01175-PK, 2016 WL 3176585, at *3 (D. Or. June 2, 2016). Courts have discretion to strike negative defenses and "there is no impropriety in pleading a negative defense, however superfluous it may be to do so." *See John Doe 310 v. Archdiocese of Portland in Oregon*, No. 3:13-CV-822-PK, 2014 WL 1668151, at *3 (D. Or. Apr. 25, 2014); *see also Est. of Osborn-Vincent,* 2019 WL 764029, at *6 (describing different courts approaches to negative defenses on 12(f) motions).

Here, Plaintiff has properly identified Defendant's fifth and eight affirmative defenses as negative defenses. As evidenced by Defendant's response, these defenses attempt to demonstrate elements Defendant believes Plaintiff will be unable to show in its case in chief. The Court declines, however, to strike these defenses simply because they are negative defenses. "[A]t this stage in the litigation, striking negative defenses would do little more than tidy up the pleadings." *Est. of Osborn-Vincent*, 2019 WL 764029, at *6 (quoting *McBurney v. Lowe's Home Centers, LLC*, No. 1:13-CV-00540-ELJ, 2014 WL 2993087, at *3 (D. Idaho July 2, 2014)). Even if stricken, Defendant would still be entitled to make these arguments at a later stage in the litigation. *See Whittleston*, 618 F.3d at 974 ("Were we to read Rule 12(f) in a manner that

allowed litigants to use it as a means to dismiss some or all of a pleading . . . we would be creating redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a motion for summary judgment at a later stage in the proceedings) already serves such a purpose."). Plaintiff's motion to strike the fifth and eight affirmative defenses is denied.

### 6. Affirmative Defense Twenty-Seven

Plaintiff argues Defendant's twenty-seventh affirmative defense is redundant because it restates Defendant's twelfth affirmative defense and should therefore be stricken. Defendant does not dispute that its twenty-seventh and twelfth defenses overlap and refers the Court to its description of its twelfth defense in its response on the twenty-seventh defense. Opp. to Mot. to Strike at 22. Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While affirmative defense twenty-seven is redundant of affirmative defense twelve, the decision to strike an affirmative defense is discretionary. As with the negative defenses, the Court sees no reason to strike this defense simply as a means to "tidy up" the pleadings. This this will occur throughout the litigation as the case develops. Plaintiff's motion to strike the twenty-seventh affirmative defense is denied.

## II.    Rule 12(c) - Judgment on the Pleadings

Plaintiff also moves for judgment on the pleadings and specifically argues Defendant's fifth, sixth, seventh, eighth, ninth, tenth, eleventh, fifteenth, and sixteenth defenses fail as a matter of law.[3]

---

[3] Plaintiff also asks the Court to strike Defendant's reservation of rights clause. The Court declines to do so as the clause states Defendant reserves the right to amend by "appropriate motion." Answer at 16. Per Federal Rule of Civil Procedure 15, if Defendant wishes to add defenses after further discovery, it may request leave to amend from the Court.

A motion for judgment on the pleadings may be brought after the pleadings are closed but within such time as not to delay the trial. Fed. R. Civ. P. 12(c). Rule 12(c) is "functionally identical" to Rule 12(b)(6) and "the same standard of review" applies to motions brought under either rule. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n. 4 (9th Cir. 2011) (internal quotation marks omitted). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *United States v. Teng Jiao Zhou*, 815 F.3d 639, 642 (9th Cir. 2016); *Fajardo v. Cty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999). In evaluating a motion for judgment on the pleadings, the allegations of the non-moving party are credited as true, whereas those allegations of the moving party which have been denied are deemed false for purposes of the motion. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). A court may properly consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."). "However, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach Studios, Inc.*, 896 F.2d at 1550.

As the Court is still analyzing affirmative defenses, the fair notice pleading standard described above also applies to Plaintiff's 12(c) motion. *See, e.g.*, *Adidas Am., Inc. v. TRB Acquisitions LLC*, No. 3:15-CV-2113-SI, 2017 WL 337983, at *1 (D. Or. Jan. 23, 2017).

### A. Motion for Judgment on the Pleadings

#### 1. Affirmative Defenses Nine, Ten, Eleven, and Sixteen

Rule 12(c) provides that "a motion for judgment on the pleadings may be brought after the pleadings are closed." The Court has stricken affirmative defenses nine, ten, eleven, and sixteen as insufficient and given Defendant leave to amend its complaint. *See supra* Section I(B)(1) and (4). The pleadings, therefore, are not closed as to these defenses. The Court declines to make a premature 12(c) ruling on these defenses. Plaintiff's motion for judgment on the pleadings on the ninth, tenth, eleventh, and sixteenth affirmative defenses is denied.

#### 2. Affirmative Defenses Five and Eight

Plaintiff argues affirmative defenses five and eight fail as a matter of law because they are negative defenses. As discussed above, although the Court agrees that these are properly characterized as negative defense, this does not require the Court to find that they fail as a matter of law. Whether these arguments properly negate elements of Plaintiff's claims will be determined later in the proceedings. Plaintiff makes no other argument to support its motion on these defenses. Plaintiff's motion for judgment on the pleadings on the fifth and eighth affirmative defenses is denied.

#### 3. Affirmative Defenses Six and Seven

Defendant's sixth affirmative defense alleges, "Plaintiffs' claims are barred in whole or in part by the fact that Defendant's use of stripes on at least some of the accused clothing is merely ornamental and decorative." Answer at 12. Defendant's seventh affirmative defense alleges, "Plaintiffs' claims are barred in whole or in part by the fact that Defendant's use of stripes on at least some of the accused clothing is aesthetically functional, non-source identifying and/or generic." *Id.*

Plaintiff argues these defenses fail as a matter of law because they are barred by the parties' 2012 Settlement Agreement. Defendant admits to existence of the 2012 Settlement Agreement and "that the alleged agreement speaks for itself." Answer at 6. The 2012 Settlement Agreement is incorporated by reference in Plaintiff's complaint. Compl. ¶ 35, 36. The relevant section of the 2012 Agreement reads, "The prohibition in the preceding sentence includes, but is not limited to, asserting in any proceeding that the Three-Stripe Mark is not distinctive, or that the Three-Stripe Mark is generic, descriptive, functional, or mere ornamentation." This language prevents Defendant from making assertions about Plaintiff's Three-Stipe Mark. It does not prevent Defendant from making assertions about its own use of stripes. Defendant's sixth and seventh defenses refer to its own use of stripes as "merely ornamental and decorative" and "aesthetically functional, non-source identifying and/or generic." Answer at 12. Defendant has not asserted that the Three-Stripe mark is merely ornamental, functional, or generic which would be prohibited by the 2012 Settlement Agreement. *Id.* The plain language of the 2012 Settlement Agreement therefore does not entitle Plaintiff to judgment as a matter of law on these defenses.

Plaintiff also argues that Defendant's sixth and seventh defenses fail as a matter of law because it has federally registered trademarks for its Three-Stripe Mark that Defendant acknowledged in the 2012 Settlement agreement. Again, Defendant's sixth and seventh defenses do not directly challenge the validity of Plaintiff's trademarks or the Three-Stripe Mark. The defenses reference Defendant's own use of stripes. The bounds of Plaintiff's federal registrations and whether Defendant's uses of stripes infringe those trademarks will be an issue determined later in this case. Plaintiff's motion for judgment on the pleadings on the sixth and seventh affirmative defenses is denied.

//

### 4. Affirmative Defense Fifteen

Defendant's fifteenth affirmative defense alleges, "Plaintiffs' claims are barred in whole or in part because they are preempted by federal patent law, federal copyright law, federal antidilution law, and/or Defendant's federal trademark registrations." Answer at 14. Plaintiff argues this defense fails as a matter of law because it has asserted no claims under patent or copyright law and "the Landham Act does not preempt state trademark laws." Mot. to Strike at 20. It also asserts that Defendant, "fails to even mention its registrations in its Fifteenth Affirmative Defense." Pl.'s Reply at 27.

Defendant argues that Plaintiff's claims could be preempted to the extent it includes Defendant's designs in its claims for dilution that are federally registered or relies on state dilution laws that have been preempted. Defendant also argues that because "the breath of the allegedly 'Infringing Apparel' is not known, adidas's claims might be preempted by federal copyright law." Opp'n to Mot. to Strike at 19.

First, Defendant does reference its own federal trademark registrations in its answer and under federal anti-dilution laws, "a federal registration is a complete defense to a charge under a state anti-dilution law." Answer at 14.; 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 22:3 (5th ed.). Depending on how the facts develop in this case, it appears Defendant could have a valid preemption argument related to its own federal registrations.

Second, while Plaintiff is correct that "[c]ourts have uniformly held that the federal Lanham Act does not occupy the whole field of trademark and unfair competition law in such a way that it would preempt parallel state law" federal preemption is not impossible. *Id.* § 22:2 (describing relevant holdings). State laws, for example, cannot narrow the scope of federal rights without facing preemption issues. *Id.* Plaintiff has brought dilution claims under thirty-eight state

statutes. Although unlikely, at this stage in the litigation, the Court cannot conclusively determine that no preemption issues may arise with these statutes.

Third, as the non-moving party, Defendant's allegations in its answer are credited as true. Although, Plaintiff does not bring copyright and patent claims, it appears plausible that preemption issues related to copyright and patent law may develop depending on how the case evolves. For these reasons, it is too early to determine that preemption is not a valid defense. Plaintiff's motion for judgment on the pleadings on the fifteenth affirmative defenses is denied.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

**CONCLUSION**

For the reasons stated above, the Court GRANTS IN PART Plaintiff's Motion to Strike, or in the Alternative, for Judgment on the Pleadings [40]. Plaintiff's Motion to Strike is denied with respect to affirmative defenses five, six, seven, eight, fourteen, fifteen, and twenty-seven. Plaintiff's Motion to Strike is granted against affirmative defenses two, three, four, nine, ten, twelve, thirteen, sixteen, seventeen, eighteen, nineteen, twenty, twenty-one, twenty-two, twenty-three, twenty-four, twenty-five, twenty-six, and twenty-eight, which are STRICKEN. Defendant may replead the stricken affirmative defenses within 21 days of the date of this Opinion and Order. Plaintiff's Motion to Strike is granted with respect to affirmative defense eleven, which is STRICKEN. Defendant may ask the Court for leave to amend its answer regarding this defense. Plaintiff's Motion for Judgment on the Pleadings is denied with respect to affirmative defenses five, six, seven, eight, nine, ten, eleven, fifteen, and sixteen.

IT IS SO ORDERED.

DATED: ___January 10, 2021___.


_Marco Hernandez_
MARCO A. HERNÁNDEZ
United States District Judge

15 – OPINION & ORDER