**Kenneth R. Davis II**, OSB No. 971132
davisk@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

**Kent M. Walker** (admitted *pro hac vice*)
kwalker@Lewiskohn.com
**Michael T. Lane** (admitted *pro hac vice*)
mlane@Lewiskohn.com
**LEWIS KOHN & WALKER LLP**
17085 Via Del Campo
San Diego, California 92127
Telephone:  858.436.1330
Facsimile:  858.436.1349

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, an Oregon corporation; and **ADIDAS AG**, a foreign entity, | Case No. 3:19-cv-02049-HZ |
| Plaintiffs, | Defendant Aviator Nation, Inc.'s **ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS ADIDAS AMERICA, INC. AND ADIDAS AG'S SECOND AMENDED COMPLAINT** |
| v. | |
| **AVIATOR NATION, INC.**, a California corporation, | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

PAGE 1 -   ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS ADIDAS
AMERICA, INC. AND ADIDAS AG'S SECOND AMENDED COMPLAINT

Defendant Aviator Nation, Inc. ("Defendant") hereby answers the Second Amended Complaint ("Complaint") of Plaintiffs adidas America, Inc. and adidas AG ("Plaintiffs") as follows:

## INTRODUCTION

1.     Defendant admits that the registrations, applications and their corresponding file histories for federal trademarks speak for themselves, and lack sufficient information or belief to answer the remaining allegations of Paragraph 1 of the Complaint and, basing its denial on that ground, denies each and every such remaining allegation therein.

2.     Defendant lacks sufficient information or belief to answer the allegations of Paragraph 2 of the Complaint and, basing its denial on that ground, denies each and every such remaining allegation therein.

3.     Defendant lacks sufficient information or belief to answer the allegations of Paragraph 3 of the Complaint and, basing its denial on that ground, denies each and every such remaining allegation therein.

4.     Defendant admits that the agreements speak for themselves and denies any remaining allegations in Paragraph 4 of the Complaint.

5.     Denied.

6.     Denied.

7.     Defendant admits that Plaintiffs' Complaint speaks for itself. To the extent Plaintiffs make any factual allegations in Paragraph 7, they are denied.

## THE PARTIES

8.     Defendant lacks sufficient information or belief to answer the allegations of Paragraph 8 of the Complaint and, basing its denial on that ground, denies each and every such remaining allegation therein.

PAGE 2 -   ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS ADIDAS
AMERICA, INC. AND ADIDAS AG'S SECOND AMENDED COMPLAINT

9. Defendant lacks sufficient information or belief to answer the allegations of Paragraph 9 of the Complaint and, basing its denial on that ground, denies each and every such remaining allegation therein.

10. Admitted.

## JURISDICTION AND VENUE

11. Admitted.

12. Defendant denies the allegations of Paragraph 12 of the Complaint, but does not contest personal jurisdiction in this action.

13. Defendant admits the Court has found that venue is proper in this district. Except as expressly admitted herein, the remaining allegations of Paragraph 13 are denied.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.    adidas's Three-Stripe Mark.**

14. Defendant lacks sufficient information or belief to answer the allegations of Paragraph 14 of the Complaint and, basing its denial on that ground, denies each and every allegation therein.

15. Defendant lacks sufficient information or belief to answer the remaining allegations of Paragraph 15 of the Complaint and, basing its denial on that ground, denies each and every such remaining allegation therein.

16. Defendant admits that the registrations and file histories at the USPTO speak for themselves and lacks sufficient information or belief to answer the remaining allegations of Paragraph 16 of the Complaint and, basing its denial on that ground, denies each and every such remaining allegation therein.

17. Defendant admits that the registrations and file histories at the USPTO speak for themselves and lacks sufficient information or belief to answer the remaining allegations of Paragraph 17 of the Complaint and, basing its denial on that ground, denies each and every such remaining allegation therein.

PAGE 3 -   ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS ADIDAS
            AMERICA, INC. AND ADIDAS AG'S SECOND AMENDED COMPLAINT

18.     Defendant admits that the registration and file history at the USPTO speak for themselves and lacks sufficient information or belief to answer the remaining allegations of Paragraph 18 of the Complaint and, basing its denial on that ground, denies each and every such remaining allegation therein.

19.     Defendant admits that the registration and file history at the USPTO speak for themselves and lacks sufficient information or belief to answer the remaining allegations of Paragraph 19 of the Complaint and, basing its denial on that ground, denies each and every such remaining allegation therein.

20.     Defendant admits that the registration and file history at the USPTO speak for themselves and lacks sufficient information or belief to answer the remaining allegations of Paragraph 20 of the Complaint and, basing its denial on that ground, denies each and every such remaining allegation therein.

21.     Defendant admits that the registration and file history at the USPTO speak for themselves and lacks sufficient information or belief to answer the remaining allegations of Paragraph 21 of the Complaint and, basing its denial on that ground, denies each and every such remaining allegation therein.

22.     Defendant admits that the registrations and file histories at the USPTO speak for themselves and lacks sufficient information or belief to answer the remaining allegations of Paragraph 22 of the Complaint and, basing its denial on that ground, denies each and every such remaining allegation therein.

23.     Defendant admits that the registration and file history at the USPTO speak for themselves and lacks sufficient information or belief to answer the remaining allegations of Paragraph 23 of the Complaint and, basing its denial on that ground, denies each and every such remaining allegation therein.

PAGE 4 -   ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS ADIDAS
            AMERICA, INC. AND ADIDAS AG'S SECOND AMENDED COMPLAINT

24.    Defendant lacks sufficient information or belief to answer the allegations of Paragraph 24 of the Complaint and, basing its denial on that ground, denies each and every allegation therein.

25.    Defendant lacks sufficient information or belief to answer the allegations of Paragraph 25 of the Complaint and, basing its denial on that ground, denies each and every allegation therein.

26.    Defendant lacks sufficient information or belief to answer the allegations of Paragraph 26 of the Complaint and, basing its denial on that ground, denies each and every allegation therein.

27.    Defendant lacks sufficient information or belief to answer the allegations of Paragraph 27 of the Complaint and, basing its denial on that ground, denies each and every allegation therein.

28.    Defendant lacks sufficient information or belief to answer the allegations of Paragraph 28 of the Complaint and, basing its denial on that ground, denies each and every allegation therein.

29.    Defendant lacks sufficient information or belief to answer the allegations of Paragraph 29 of the Complaint and, basing its denial on that ground, denies each and every allegation therein.

30.    Defendant lacks sufficient information or belief to answer the allegations of Paragraph 30 of the Complaint and, basing its denial on that ground, denies each and every allegation therein.

31.    Defendant lacks sufficient information or belief to answer the allegations of Paragraph 31 of the Complaint and, basing its denial on that ground, denies each and every allegation therein.

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

719386.0001/8104112.2

32. Defendant lacks sufficient information or belief to answer the allegations of Paragraph 32 of the Complaint and, basing its denial on that ground, denies each and every allegation therein.

**B.** **Aviator Nation's Alleged Infringement and the 2012 and 2013 Settlement Agreements.**

33. Defendant lacks sufficient information or belief to answer the allegations of Paragraph 33 of the Complaint and, basing its denial on that ground, denies each and every allegation therein.

34. Defendant admits that one or more of Plaintiffs communicated objections to Defendant's sales and denies that Defendant or its apparel was infringing and denies any remaining allegations of Paragraph 34 of the Complaint.

35. Defendant admits that the agreement speaks for itself and denies any remaining allegations in Paragraph 35 of the Complaint.

36. Defendant admits that the agreement speaks for itself and denies any remaining allegations in Paragraph 36 of the Complaint.

37. Defendant lacks sufficient information or belief as to what adidas allegedly became aware of and when, and, basing its denial on that ground, denies each and every allegation regarding such awareness therein, denies selling all of the apparel in the time frame alleged and denies any remaining allegations in Paragraph 37 of the Complaint.

38. Defendant admits that one or more of Plaintiffs communicated objections to Defendant's sales, that the January 2013 Settlement Agreement speaks for itself and denies any remaining allegations in Paragraph 38 of the Complaint.

39. Defendant admits that the agreement speaks for itself and denies any remaining allegations in Paragraph 39 of the Complaint.

**C.** **The Present Dispute and Aviator Nation's Activities.**

PAGE 6 -   ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS ADIDAS
AMERICA, INC. AND ADIDAS AG'S SECOND AMENDED COMPLAINT

40.    Defendant denies breaching the agreement and selling infringing apparel and lacks sufficient information or belief to answer the remaining allegations of Paragraph 40 of the Complaint and, basing its denial on that ground, denies each and every such remaining allegation therein.

41.    Defendant lacks sufficient information or belief to answer the allegations of Paragraph 41 of the Complaint and, basing its denial on that ground, denies each and every allegation therein.

42.    Defendant admits that Plaintiffs sent a letter to Defendant dated July 23, 2018, admits that the letter speaks for itself, denies infringement and denies any remaining allegation of Paragraph 42 of the Complaint.

43.    Defendant admits that the July 23, 2018 letter speaks for itself and denies any remaining allegation of Paragraph 43 of the Complaint.

44.    Defendant admits that its counsel engaged in discussions and exchanges with Plaintiffs' counsel intermittently, with large gaps in between, regarding certain of Plaintiffs' allegations made in the Complaint after July 23, 2018, and denies any remaining allegations or characterizations of Paragraph 44 of the Complaint.

45.    Defendant denies Plaintiffs' allegations of infringement and counterfeiting and lacks sufficient information or belief to answer any remaining allegations of Paragraph 45 of the Complaint and, basing its denial on that ground, denies each and every remaining allegation therein.

46.    Defendant denies breaching the agreement and selling infringing or counterfeit apparel and lacks sufficient information or belief to answer the remaining allegations of Paragraph 46 of the Complaint and, basing its denial on that ground, denies each and every such remaining allegation therein.

47.    Defendant admits that the parties have so far not resolved this dispute and denies any remaining allegations in Paragraph 47 of the Complaint.

PAGE 7 -    ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS ADIDAS
            AMERICA, INC. AND ADIDAS AG'S SECOND AMENDED COMPLAINT

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

719386.0001/8104112.2

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Defendant admits its clothing is not manufactured, produced, distributed, marketed, promoted, offered for sale, or sold by Plaintiffs, and further admits that it is not associated, affiliated or connected with Plaintiffs, and denies the remaining allegations in Paragraph 53 of the Complaint.

54.     Defendant denies infringement and lacks sufficient information or belief to answer the remaining allegations of Paragraph 54 of the Complaint and, basing its denial on that ground, denies each and every remaining allegation therein.

55.     Denied.

56.     Denied.

57.     Defendant admits that its Amended Answer, including its affirmative defenses, speak for themselves and deny any remaining allegations of Paragraph 57 of the Complaint.

58.     Defendant admits that its Amended Answer, including its affirmative defenses, speak for themselves and deny any remaining allegations of Paragraph 58 of the Complaint.

59.     Defendant admits that the registrations and file histories at the USPTO speak for themselves.

60.     Denied.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement)

61.     Defendant repeats and incorporates by reference the answers in the preceding paragraphs.

62.      Denied.

PAGE 8 -   ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS ADIDAS
           AMERICA, INC. AND ADIDAS AG'S SECOND AMENDED COMPLAINT

63.     Denied.

64.     Denied.

65.     Denied.

## SECOND CLAIM FOR RELIEF

### (Trademark Counterfeiting)

66.     Defendant repeats and incorporates by reference the answers in the preceding paragraphs.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

## THIRD CLAIM FOR RELIEF

### (Federal Unfair Competition)

73.     Defendant repeats and incorporates by reference the answers in the preceding paragraphs.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

## FOURTH CLAIM FOR RELIEF

### (Federal Trademark Dilution of the Three-Stripe Mark)

78.     Defendant repeats and incorporates by reference the answers in the preceding paragraphs.

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

719386.0001/8104112.2

79.    Defendant lacks sufficient information or belief to answer the allegations of Paragraph 76 of the Complaint and, basing its denial on that ground, denies each and every allegation therein.

80.    Denied.

81.    Denied.

82.    Denied.

## FIFTH CLAIM FOR RELIEF

### (State Trademark Dilution and Injury to Business Reputation)

83.    Defendant repeats and incorporates by reference the answers in the preceding paragraphs.

84.    Defendant lacks sufficient information or belief to answer the allegations of Paragraph 81 of the Complaint and, basing its denial on that ground, denies each and every allegation therein.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

## SIXTH CLAIM FOR RELIEF

### (Unfair and Deceptive Trade Practices)

89.    Defendant repeats and incorporates by reference the answers in the preceding paragraphs.

90.    Denied.

91.    Denied.

92.    Denied.

## SEVENTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

PAGE 10 -  ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS ADIDAS
        AMERICA, INC. AND ADIDAS AG'S SECOND AMENDED COMPLAINT

93.     Defendant repeats and incorporates by reference the answers in the preceding paragraphs.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

## EIGHTH CLAIM FOR RELIEF

### (Cancellation of Registration Nos. 5,052,281, 5,076,084, 5,466,926 and 5,635,445)

98.     Defendant repeats and incorporates by reference the answers in the preceding paragraphs.

99.     Defendant admits that the registrations and file histories at the USPTO speak for themselves.

100.    Defendant admits that the registrations and file histories at the USPTO speak for themselves but denies the remaining allegations in paragraph 100.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

## NINTH CLAIM FOR RELIEF

### (Breach of Contract)

105.    Defendant repeats and incorporates by reference the answers in the preceding paragraphs.

106.    Defendant lacks sufficient information or belief to answer the allegations of Paragraph 96 of the Complaint and, basing its denial on that ground, denies each and every allegation therein.

PAGE 11 -  ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS ADIDAS
           AMERICA, INC. AND ADIDAS AG'S SECOND AMENDED COMPLAINT

107. Defendant lacks sufficient information or belief to answer the allegations of Paragraph 97 of the Complaint and, basing its denial on that ground, denies each and every allegation therein.

108. Denied.

109. Denied.

110. Defendant admits that the April 2012 Settlement Agreement speaks for itself and denies the remaining allegations of Paragraph 100 of the Complaint.

## DENIAL OF PLAINTIFFS' PRAYER FOR RELIEF

In response to the clause following Paragraph 110 of the Complaint, Defendant denies the averments contained in the Prayer for Relief and further deny that Plaintiffs are entitled to any relief whatsoever against Defendant.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiffs, Defendant asserts the following affirmative defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

This has been withdrawn.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint is barred in whole or in part by the statute of limitations in that Defendant was selling some or all of the same or substantially similar clothing designs challenged in this action before, during and/or not long after the 2012 and 2013 Agreements between Plaintiffs and Defendant and, therefore, Plaintiffs were on constructive, if not actual, notice of same and, thus, Plaintiffs' claims fail by proper application of the applicable statutes of limitations set forth in Or. Rev. Stat. §§ 12.080 and 12.110(1).

## THIRD AFFIRMATIVE DEFENSE

PAGE 12 - ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS ADIDAS AMERICA, INC. AND ADIDAS AG'S SECOND AMENDED COMPLAINT

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

719386.0001/8104112.2

**(Laches)**

The Complaint is barred in whole or in part by the doctrine of laches in that Defendant was selling some or all of the same or substantially similar clothing designs challenged in this action before, during and/or not long after the 2012 and 2013 Agreements between Plaintiffs and Defendant and, therefore, Plaintiffs were on constructive, if not actual, notice of same and, thus, Plaintiffs' failure to promptly object to these sales, while Defendant's sales and retail footprints grew substantially, has unfairly prejudiced Defendant and, subject to further discovery, said failure may have caused evidentiary prejudice to Defendant.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel/Acquiescence)

The Complaint is barred in whole or in part by the doctrines of estoppel and/or estoppel by acquiescence in that Defendant was selling some or all of the same or substantially similar clothing designs challenged in this action before, during and/or not long after the 2012 and 2013 Agreements between Plaintiffs and Defendant and, therefore, Plaintiffs were on constructive, if not actual, notice of same and, thus, Plaintiffs' acquiescence to these sales, including their express approval and disapproval of certain designs in the 2012 and 2013 Agreements, while other designs that they are now challenging existed simultaneously, has unfairly prejudiced Defendant in that Defendant relied on this acquiescence to its detriment.

## FIFTH AFFIRMATIVE DEFENSE

### (No Actions Taken to Suggest Sponsorship or Endorsement)

The Complaint is barred in whole or in part because Defendant has taken no actions that would suggest sponsorship or endorsement by Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

### (Merely Ornamental and/or Decorative Uses)

PAGE 13 -  ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS ADIDAS AMERICA, INC. AND ADIDAS AG'S SECOND AMENDED COMPLAINT

Plaintiffs' claims are barred in whole or in part by the fact that Defendant's use of stripes on at least some of the accused clothing is merely ornamental and decorative.

## SEVENTH AFFIRMATIVE DEFENSE

### (Aesthetically Functional, Non-Source Identifying, and/or Generic Uses)

Plaintiffs' claims are barred in whole or in part by the fact that Defendant's use of stripes on at least some of the accused clothing is aesthetically functional, non-source identifying and/or generic.

## EIGHTH AFFIRMATIVE DEFENSE

### (Use of Defendant's Marks)

Plaintiffs' claims are barred in whole or in part by the fact that Defendant's use of stripe designs on at least some of the accused clothing includes use of Defendant's trademark registrations for stripe designs including U.S. Registration Nos. 4550367, 4623495, 4707772, 5052281, 5076084, 5466926 and 5635445.

## NINTH AFFIRMATIVE DEFENSE

### (Classic Fair Use)

The Complaint is barred in whole or in part because at least some of the purported infringing uses are protected by the classic fair use doctrine. Presently, Defendant does not know the extent of its apparel which Plaintiffs allege infringe their Three-Stripe Mark but, it is possible, if not probable, that certain of Defendant's uses of stripes, like in rainbow designs and/or tonal gradations, for example, were used fairly, in non-trademark and descriptive senses, and in good faith, and those uses would be protected by the classic fair use doctrine.

## TENTH AFFIRMATIVE DEFENSE

### (Justification)

Defendant's acts or omissions were justified in that Defendant's used its own registered trademarks, designs, stores and websites to promote and sell clothing to its customers, which are

PAGE 14 -  ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS ADIDAS
AMERICA, INC. AND ADIDAS AG'S SECOND AMENDED COMPLAINT

justified business acts to protect Defendant's legitimate financial interests and cannot constitute unfair competition or deceptive trade practices.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Denial of Supplemental Jurisdiction)

The Court has stricken this affirmative defense at this time noting that Defendant may ask the Court for leave to amend its answer to re-assert this defense at the close of discovery, as appropriate. (*See* Dkt. No. 48 at p. 7.) Accordingly, Defendant withdraws this defense subject to the foregoing.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Alleged Damages)

On information and belief, Plaintiffs failed to take reasonable steps to mitigate, alter, reduce, or otherwise diminish its alleged damages from Defendant's alleged breach of contract by, among other things, failing to provide timely notice of its objections to Defendant's sale of its clothing designs, many or all of which, Defendant was selling before, during and/or not long after the 2012 and 2013 Agreements between Plaintiffs and Defendant and, therefore, Plaintiffs are barred from recovery of any damages that might have been prevented by such delays, failures to enforce and/or mitigation.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiffs would be unjustly enriched if they were allowed to recover on their Complaint in that Plaintiffs' views of the 2012 and 2013 Agreements are now much broader than the express language of those Agreements, and/or the admissible then-present intentions behind same, and contradict the course of performance of the parties' performance of those Agreements and, further, would permit Plaintiffs to receive benefits from their acquiescence and laches related to Defendant's sales of the same or substantially similar clothing designs before, during and/or not long after the 2012 and 2013 Agreements between Plaintiffs and Defendant, and therefore,

PAGE 15 -  ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS ADIDAS
           AMERICA, INC. AND ADIDAS AG'S SECOND AMENDED COMPLAINT

Plaintiffs would be unjustly enriched at the expense of Defendant if they were accorded the relief they seek in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Perform Agreement and/or Release)

On information and belief, the Complaint is barred in whole or in part by Plaintiffs' breach or failure to perform the agreement that it asserts is breached for its eighth cause of action and by Plaintiffs' release of claims in that agreement.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Preemption by Federal Law)

Plaintiffs' claims are barred in whole or in part because they are preempted by federal patent law, federal copyright law, federal antidilution law, and/or Defendant's federal trademark registrations.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

Plaintiffs' claims are barred in whole or in part because Defendant's uses of striped designs on its apparel is protected by the First Amendment in that the First Amendment guarantees Defendant freedom of artistic expression and bars generic and/or descriptive design registrations in intellectual property laws including trade dress and trademark laws like those held and asserted by Plaintiffs.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' claims seeking equitable remedies are barred in whole or in part by the doctrine of unclean hands in that, upon information and belief, Plaintiffs were on constructive, if not actual, notice that Defendant was selling some or all of the same or substantially similar clothing designs challenged in this action before, during and/or not long after the 2012 and 2013 Agreements between Plaintiffs and Defendant and, therefore, Plaintiffs' intentions and negotiations in securing

PAGE 16 -  ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS ADIDAS
AMERICA, INC. AND ADIDAS AG'S SECOND AMENDED COMPLAINT

these Agreements, if Plaintiffs read said Agreements as broadly as they appear to claim now, were derived from and carried out unethically and in bad faith.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unconscionability)

Plaintiffs' breach of contract claim is barred in whole or in part by the doctrine of unconscionability in that, upon information and belief, if Plaintiffs read the 2012 and 2013 Agreements as broadly as they appear to claim now, then the terms of said Agreements at the time they were made were overly harsh, unduly oppressive, or so one-sided as to shock the conscience and secured by a party with superior bargaining power leaving Defendant with an absence of meaningful choice.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Mistake)

Plaintiffs' breach of contract claim is barred in whole or in part by the doctrines of unilateral, mutual and/or latent ambiguity mistake, misapprehension and/or surprise in that, upon information and belief, if Plaintiffs read the 2012 and 2013 Agreements as broadly as they appear to claim now to prevent Defendant's sale of its clothing designs accused in this action, then the terms of said Agreements were reached by the parties mistakenly as Defendant and Plaintiffs construe those Agreements differently, Plaintiffs appear to have known about said mistakes and used said mistakes to take advantage of Defendant, and Defendant (and perhaps, Plaintiffs) would never have entered into those Agreements but for the mistakes, whether with regard to latent ambiguities or otherwise, made by one or both parties about same.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Indefiniteness)

Plaintiffs' breach of contract claim is barred in whole or in part by the doctrine of indefiniteness in that, upon information and belief, if Plaintiffs read the 2012 and 2013 Agreements as broadly as they appear to claim now to prevent Defendant's sale of its clothing designs accused

PAGE 17 -  ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS ADIDAS
AMERICA, INC. AND ADIDAS AG'S SECOND AMENDED COMPLAINT

in this action, then these Agreements are missing material terms such that these Agreements are impossible to perform or enforce.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Misrepresentation and/or Concealment)

Plaintiffs' breach of contract claim is barred in whole or in part by the doctrines of intentional or negligent misrepresentation and/or concealment in that, upon information and belief, if Plaintiffs read the 2012 and 2013 Agreements as broadly as they appear to claim now to prevent Defendant's sale of its clothing designs accused in this action, then these Agreements were procured by fraud as Plaintiffs made material misrepresentations and/or concealed material facts or intentions related to the Agreements and/or their terms and conditions and Defendant would never have entered into those Agreements but for these misrepresentations and/or concealments.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Illegality and/or Public Policy)

Plaintiffs' breach of contract claim is barred in whole or in part on the grounds of illegality and/or public policy in that, upon information and belief, if Plaintiffs read the 2012 and 2013 Agreements as broadly as they appear to claim now to prevent Defendant's sale of its clothing designs accused in this action, then these Agreements contravene public policy in restraint of trade and/or in violation of Defendant's guarantees of freedom of expression and legitimate business competition.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Ambiguity and/or Parol Evidence)

Plaintiffs' breach of contract claim is barred in whole or in part based on proper application of the ambiguity and/or parol evidence rules in that, upon information and belief, if Plaintiffs read the 2012 and 2013 Agreements as broadly as they appear to claim now to prevent Defendant's sale of its clothing designs accused in this action, then, unless the plain language of those Agreements absolve Defendant of any wrongdoing, material terms in these Agreements are ambiguous and

PAGE 18 -  ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS ADIDAS
AMERICA, INC. AND ADIDAS AG'S SECOND AMENDED COMPLAINT

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

719386.0001/8104112.2

proper application of the parol evidence rules will admit or deny, as the case may be, evidence which speaks to the intentions and purposes of the parties entering into those Agreements and that will result in the unenforceability of the Agreements and/or certain of their provisions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction and/or Modification)

Plaintiffs' breach of contract claim is barred in whole or in part based on the doctrines of accord and satisfaction and/or modification in that, upon information and belief, if Plaintiffs read the 2012 and 2013 Agreements as broadly as they appear to claim now to prevent Defendant's sale of its clothing designs accused in this action, then the 2013 Agreement works as an accord and satisfaction of the 2012 Agreement and/or a modification of same and Defendant's duties under the Agreements are discharged, including by lapse and otherwise.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Excuse and/or Discharge)

Plaintiffs' breach of contract claim is barred in whole or in part based on the doctrines of excuse and/or discharge of condition by actual breach, anticipatory repudiation, substantial performance, divisibility of contract, illegality, release and/or lapse in that, upon information and belief, they are in breach of those Agreements and/or have anticipatorily repudiated same; if Plaintiffs read the 2012 and 2013 Agreements as broadly as they appear to claim now to prevent Defendant's sale of its clothing designs accused in this action, then Defendant has substantially performed under those Agreements and, as such, is not in breach of those Agreements; the Agreements and their performance are, or as the case may be, are not divisible and Defendant's performance thereunder is excused; and/or Plaintiffs' attempts to enforce these conditions or terms have been excused by Plaintiffs' intended illegal purposes, releases and/or lapses in enforcing said terms or conditions.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Reformation)

PAGE 19 -  ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS ADIDAS
         AMERICA, INC. AND ADIDAS AG'S SECOND AMENDED COMPLAINT

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

719386.0001/8104112.2

Plaintiffs' breach of contract claim is barred in whole or in part based on the doctrine of reformation in that, if Plaintiffs read the 2012 and 2013 Agreements as broadly as they appear to claim now to prevent Defendant's sale of its clothing designs accused in this action, then these Agreements were formed by mistake, fraud, latent ambiguities, Plaintiffs' unclean hands and illegal or public policy-subverting intentions and should be reformed to bar Plaintiffs' recovery under these Agreements.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

This is duplicative of the twelfth affirmative defense and is withdrawn.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Offset/Setoff)

Plaintiffs' claims are barred in whole or in part by the doctrines of offset and/or setoff in that Defendant may have suffered damages as a result of Plaintiffs' unwarranted and unlawful claims of infringement and breach of contract, and may have committed breaches of contract and/or the duty of good faith and fair dealing in association with their negotiation and execution of the 2012 and 2013 Agreements, which would offset any amounts awarded to Plaintiffs, if any, under their claims pending in this action.

## RESERVATION OF RIGHTS TO ALLEGE OTHER AFFIRMATIVE DEFENSES

Defendant hereby gives notice that they intend to rely upon such other and further defenses as may become available or apparent during the discovery proceedings in the action and hereby reserve the right to amend their Answer to Plaintiffs' Complaint and to assert any such further defense or claim by appropriate motion.

## PRAYER FOR RELIEF

WHEREFORE, as to Plaintiffs' Complaint, Defendant prays for entry of judgment as follows:

1.    That Plaintiffs take nothing by virtue of the Complaint;

PAGE 20 -  ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS ADIDAS
         AMERICA, INC. AND ADIDAS AG'S SECOND AMENDED COMPLAINT

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200
719386.0001/8104112.2

2.      For costs of suit incurred herein;

3.      For reasonable attorneys' fees incurred herein; and

4.      For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant respectfully demands a trial by jury on all claims and issues so triable.

DATED:  March 29, 2021

> LANE POWELL PC
>     Kenneth R. Davis II, OSB No. 971132
>     Telephone:  503.778.2100
>     Facsimile:  503.778.2200
>
> LEWIS KOHN & WALKER LLP
>
> By     /s/ Kent M. Walker
>     Kent M. Walker (admitted *pro hac vice*)
>     Michael T. Lane (admitted *pro hac vice*)
>     Telephone:  858.436.1330
>     Facsimile: 858.436.1349
>     Attorneys for Defendant

PAGE 21 -  ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS ADIDAS
AMERICA, INC. AND ADIDAS AG'S SECOND AMENDED COMPLAINT

719386.0001/8104112.2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on the date indicated below I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties who have appeared in this matter.

DATED:  March 29, 2021                          /s/ Kent M. Walker___
                                                                   Kent M. Walker

PAGE 22 -  ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS ADIDAS
           AMERICA, INC. AND ADIDAS AG'S SECOND AMENDED COMPLAINT